UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GEIS PROPERTIES, LLC,

               Plaintiff,

            - against -

SHELL OIL COMPANY,

               Defendant.

------------------------------------------------------------x

Civil Action No. 08 Civ. _____

NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

      Pursuant to 28 U.S.C. §§ 1441 and 1446, Shell Oil Company (hereinafter "Shell"), by and through its attorneys, Epstein Becker & Green, P.C., hereby give notice of the removal of this action from the Supreme Court of the State of New York, County of Westchester, to this Court, and in support thereof shows:

THE STATE COURT ACTION

      1.    On or about March 24, 2008, Plaintiff Geis Properties, LLC ("Plaintiff") commenced this action against Defendant in the Supreme Court of the State of New York, County of Westchester, Index No. 6131/2008, with the filing of a Summons and Complaint. Copies of the Summons and Complaint are annexed hereto as Exhibit A.

      2.    The United States District Court for the Southern District of New York embraces the place where the above-captioned action is pending for the reasons set forth below.

      3.    The Complaint consists of six counts. In essence, Count One alleges a violation of New York Navigation Law, Count Two seeks a Declaratory Judgment, Count Three alleges

NE:336398v1

Negligence, Count Four seeks damages for Strict Liability, Count Five seeks Nuisance damages and Count Six seeks Common Law Indemnification.

4. On March 27, 2008, Plaintiff served Shell with a Summons and Complaint.

5. Upon information and belief and as alleged in the Complaint, Plaintiff is a New York limited liability company with its offices located in Peekskill, County of Westchester, State of New York. Therefore, for purposes of 28 U.S.C. §1332, Plaintiff is deemed a citizen of the State of New York.

6. Shell Oil Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Therefore, for purposes of 28 U.S.C. §1332, Defendant is deemed a citizen of the States of Delaware and Texas

7. The above-captioned action is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states. Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, which may properly be removed to the Court pursuant to 28 U.S.C. §1441 et seq.

BASIS FOR REMOVAL

8. This action is removable from the Supreme Court of the State of New York to this Court pursuant to 28 U.S.C. § 1441 because this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship where (1) Shell Oil Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas, (2) Plaintiff is a New York

NE:336398v1

limited liability company with its offices located in the State of New York, and (3) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.  This Notice of Removal is filed in this Court within thirty (30) days after service on Shell of the initial state court pleadings and, as a result, is filed within the time provided by 28 U.S.C. § 1446(b).

10. All named defendants have been contacted and consent to this application for Removal.

11. By filing this Removal, Shell does not waive any defenses which may be available to it.

12. Written notice of the filing of this Notice of Removal will be provided to Plaintiff's attorney, and a copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York, County of Westchester, as required by 28 U.S.C. § 1446(d).

13. Copies of all process and pleadings served in connection with this action are filed herewith and attached as Exhibit A.

**WHEREFORE,** Defendant prays that the action now pending against it in the Supreme Court of the State of New York, in and for the County of Westchester, be removed to this Court and that there be no further proceedings in State Court unless and until the case is remanded.

Dated: New York, New York
April 25, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
Michael J. Thompson

*Attorneys for Defendant*
SHELL OIL COMPANY
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900

250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

NE:336398v1

Exhibit A

Case 7:08-cv-03911-CS-GAY   Document 1   Filed 04/25/2008   Page 5 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------

GEIS PROPERTIES, LLC,

        Plaintiff,

v.

SHELL OIL COMPANY

        Defendant.

-------------------------------------------------------

Index No. 6131/2008

**COMPLAINT**

RECEIVED
MAR 24 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, Geis Properties, LLC by its attorneys Cole, Schotz, Meisel, Forman & Leonard, P.A. as and for its Complaint, alleges and states the following:

1. Geis Properties, LLC ("Geis Properties" or "Plaintiff"), is a New York limited liability company with offices located at Westbrook Drive and Route 6, P.O. Box 671, Peekskill, New York 10566.

2. Shell Oil Company ("Shell" or "Defendant") is a Delaware corporation with a principal place of business at 910 Louisiana Street, Houston, Texas 77007 and is authorized to do business in the State of New York.

3. Geis Properties currently owns the property located at 3025 East Main Street, Peekskill, New York also known as Section 24.09, Block 4, Lot 3 on the tax map of the Township of Cortlandt, New York (the "Property").

4. Geis Properties acquired the Property in 1997 from Mid-Westchester Industrial Park, Inc. ("Mid-Westchester").

5. Upon information and belief, Mid-Westchester owned the Property from 1964 until it transferred the Property to Geis Properties.

6. Upon information and belief, during its ownership, Mid-Westchester leased the Property to Shell Oil Company ("Shell").

7. Upon information and belief, Shell operated a service station at the Property from the 1970s to approximately 1984.

8. Upon information and belief, in 1984 Shell removed seven underground storage tanks.

9. In 1984, Geis Toyota, Inc. ("Geis Toyota") leased the Property from Mid-Westchester.

10. Geis Toyota operated a retail automobile sales business. It sold both new and used automobiles and parts and accessories associated therewith.

11. Geis Toyota continued operations at the Property after Geis Properties acquired the Property from Mid-Westchester in 1997.

12. In August 2006, an environmental investigation revealed significant petroleum contamination in the soil and free product (gasoline) floating on groundwater.

13. The contamination at the Property was reported to the New York Department of Environmental Conservation ("NYDEC") and Spill number NYSDEC-06-04963 was assigned to this case.

14. Geis Properties with the oversight of NYDEC is to investigate and remedy contamination at and migrating from the Property.

15. Geis Properties has or will incur damages arising from the contamination at the Property, including investigatory and cleanup costs.

## FIRST CAUSE OF ACTION
### (New York Navigation Law)

16. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if set forth at length herein.

17. Defendant discharged petroleum, as defined in Nav. Law §172(15) (hereinafter referred to as "Petroleum"), or directed, permitted or suffered others to discharge Petroleum on or in the vicinity of the Property or portions thereof.

18. The activity described above is a legal cause of a single and indivisible harm, to wit, Petroleum contamination at, on or in the vicinity of the Property.

19. Nav. Law §181(1) provides:

Any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained, as defined in this section.

20. "Cleanup and removal costs" are defined by Nav. Law §172(4) as follows:

"Cleanup and removal costs" means all costs associated with the cleanup and removal of a discharge including relocation costs pursuant to section one hundred seventy-seven-a of this article incurred by the state or its political subdivisions or their agents or any person with approval of the department.

21. Nav. Law 172(5) defines "Cleanup and removal" as follows:

"Cleanup and removal" means the (a) containment or attempted containment of a discharge, (b) removal or attempted removal of a discharge or, (c) taking of reasonable measures to prevent or mitigate damages to the public health, safety, or welfare, including but not limited to, public and private property, shorelines, beaches, surface waters, water columns and bottom sediments, soils and other affected property, including wildlife and other natural resources.

22. Nav. Law §172(8) defines "Discharge" as follows:

"Discharge" means any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping,

pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters, or into waters outside the jurisdiction of the state when damage may result to the lands, waters or natural resources within the jurisdiction of the state.

23. Plaintiff has a private cause of action against Shell for violation of the Navigation Law pursuant to Nav. Law §181(5).

24. Defendant, as a person who discharged Petroleum on the Property or in the vicinity thereof or directed, permitted or suffered others to discharge Petroleum on the Property or in the vicinity thereof, is liable under Article 12 of New York Navigation Law for Petroleum contamination that has been found on, at or migrating from the Property.

25. Plaintiff has or will incur in the future substantial investigatory, cleanup and removal costs and has suffered injury and damage and will continue to suffer injury and damage as a result of Defendant's violations and discharges.

26. By reason of the foregoing, Defendant is strictly liable without regard to fault, to Plaintiff for all investigatory, cleanup and removal costs incurred or to be incurred.

27. By virtue of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial that exceeds the jurisdictional minimum of this Court.

## SECOND CAUSE OF ACTION
(Declaratory Judgment)

28. Plaintiff repeats and realleges the allegations in the previous paragraphs as if set forth at length herein.

4338000002-3109689v1

29. Defendant discharged Petroleum, as defined in Nav. Law §172(15), or directed, permitted or suffered others to discharge Petroleum on or in the vicinity of the Property or portions thereof.

30. Defendant, as a person who discharged Petroleum on the Property or in the vicinity thereof or directed, permitted or suffered others to discharge Petroleum on the Property or in the vicinity thereof, is liable under Article 12 of New York Navigation Law for Petroleum contamination that has been found on, at or migrating from the Property.

31. Plaintiff has or will incur in the future substantial investigatory, cleanup and removal costs and has suffered injury and damage and will continue to suffer injury and damage as a result of Defendant's violations and discharges.

32. By reason of the foregoing, Defendant is strictly liable without regard to fault, to Plaintiff for all investigatory, cleanup and removal costs incurred or to be incurred.

33. Plaintiff is entitled to a declaration pursuant to CPLR §3001 that Defendant is strictly liable for all damages including investigatory, cleanup and removal costs and expenses that Plaintiff has incurred, or will incur in the future, due to Petroleum contamination or environmentally unsound conditions at or migrating from the Property.

### THIRD CAUSE OF ACTION
(Negligence)

34. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if set forth at length herein.

35. Defendant owed Plaintiff and the public a duty of care to use, occupy and conduct its business and to maintain its property, including the Property and portions

5

thereof, in an environmentally sound manner and to pay for the investigation and remediation of the environmental contamination created or permitted by it at the Property or portions thereof.

36. Defendant breached this duty of care by negligently causing, permitting or suffering the improper release and discharge of Petroleum and materials at, on or in the vicinity of the Property.

37. As a result of the negligent acts and omissions of Defendant, the Property has been and continues to be damaged.

38. Plaintiff has incurred or will to incur in the future damages, including substantial costs to investigate and remedy the environmental contamination at the Property.

39. The negligence of Defendant is the proximate cause of the environmental contamination at the Property and the proximate cause of Plaintiff's damages.

40. By virtue of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial that exceeds the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION
(Strict Liability)

41. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if set forth at length herein.

42. Defendant discharged Petroleum or permitted Petroleum discharges at, on or in the vicinity of the Property or portions thereof that are not naturally occurring on the Property.

43380/0002-3109689v1

43. Defendant's use or discharge of Petroleum at, on or in the vicinity of the Property or portions thereof, under all of the relevant circumstances, constituted an abnormally dangerous activity.

44. As a result, Defendant's use of such Petroleum and materials, the Property became and remains contaminated.

45. Because of the contamination caused by the Defendant's abnormally dangerous activities, Plaintiff has incurred or will incur damages, including substantial costs to investigate and remedy the environmental contamination at, on or migrating from the Property.

46. By reason of the foregoing, Defendant is strictly liable to Plaintiff for its damages and injuries.

47. By virtue of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial that exceeds the jurisdictional minimum of this Court.

### FIFTH CAUSE OF ACTON
(Nuisance)

48. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if set forth at length herein.

49. The acts and omissions of Defendant caused or contributed to the discharge of Petroleum at, on or in the vicinity of the Property or portions thereof, which constituted an interference with the use and enjoyment of the Property by Plaintiff.

50. Plaintiff has a possessory interest in the Property.

51. The acts and omissions of Defendant at the Property substantially interfered with Plaintiff's use and enjoyment of the Property.

52. As a direct, proximate and foreseeable consequence of the private nuisance created by Defendant, Plaintiff has sustained damages.

53. By virtue of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial that exceeds the jurisdictional minimum of this Court.

### SIXTH CAUSE OF ACTON
(Common Law Indemnification)

54. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if set forth at length herein.

55. As a direct and proximate result of Defendant's actions and/or failure to act with respect to the contamination of the Property, Plaintiff is now exposed to liability from federal, state and local regulatory and law enforcement authorities, including but not limited to the NYDEC.

56. In addition and a direct and proximate result of Defendant's actions and/or failure to act with respect to the contamination of the Property, Plaintiff is now exposed to liability from other persons, agencies or entities with respect to petroleum contamination.

57. Plaintiff is therefore entitled to be indemnified and held harmless by Defendant for all liability related to or in connection with Petroleum contamination at the property.

58. Plaintiff is entitled to a declaration pursuant to CPLR § 3001 that Defendant indemnify and hold Plaintiff harmless in connection with any claims, whether asserted or unasserted, arising from Petroleum contamination at the Property.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

A.  As to the first cause of action, compensatory and consequential damages in an amount to be determined at trial, including but not limited to all past and future, investigatory, cleanup and removal costs to which Plaintiff is entitled at law and counsel fees, disbursements, costs and expenses associated therewith;

B.  As to the second cause of action, a declaration pursuant to the CPLR §3001 that the Defendant is strictly liable for all investigatory, cleanup and removal costs and expenses that Plaintiff has incurred, or will incur in the future, due to Petroleum contamination or environmentally unsound conditions at, on or migrating from the Property;

C.  As to the third cause of action, compensatory and consequential damages in an amount to be determined at trial, including but not limited to all past and future, investigatory, cleanup and removal costs to which Plaintiff is entitled at law and counsel fees, disbursements, costs and expenses associated therewith;

D.  As to the fourth cause of action, compensatory and consequential damages in an amount to be determined at trial, including but not limited to all past and future, investigatory, cleanup and removal costs to which Plaintiff is entitled at law and counsel fees, disbursements, costs and expenses associated therewith;

E.  As to the fifth cause of action, compensatory and consequential damages in an amount to be determined at trial, including but not limited to all past and future, investigatory, cleanup and removal costs to which Plaintiff is entitled at law and counsel fees, disbursements, costs and expenses associated therewith;

F.  As to the sixth cause of action, a declaration indemnifying and holding Plaintiff harmless against any and all suits or claims by NYDEC and other state

and federal agencies and any other person or entity for Petroleum discharges for which Defendant is legally responsible;

   G. Such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
   January  , 2008

            COLE, SCHOTZ, MEISEL,
            FORMAN & LEONARD, P.A.
            A Professional Corporation

            By: *Nolan Shanahan*
            Nolan E. Shanahan
            Attorneys for Plaintiff, Geis Properties, LLC
            900 Third Avenue, 16th Floor
            New York, New York 10022
            (212) 752-8000

TO:

SHELL OIL CORPORATION
910 Louisiana Street
Houston, Texas 77007

DOS-1248 (3/06)
**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

GEIS PROPERTIES, LLC,

        Plaintiff,

-against-

SHELL OIL COMPANY,

        Defendant.

---

Index No.: 6131/2008

Date Purchased: 3/24/08

**SUMMONS**

Plaintiffs designate Westchester County as the place of trial. Venue is proper pursuant to CPLR §§ 501 and 503(a) based plaintiff's place of business.

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York).

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
               March 20, 2008

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By: /s/ Nolan Shanahan
Nolan e. Shanahan, Esq.
Attorneys for Plaintiff
Geis Properties, LLC
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000

43380/0002-1514970v1

TO:

SHELL OIL COMPANY
c/o C T Corporation System
111 Eighth Avenue
New York, New York 10011

SHELL OIL COMPANY
910 Louisiana Street
Houston, Texas 77007

2008 – 0295

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
04/03/2008
CT Log Number 513270881

TO: Diane G Bowman, Legal Assistant
Shell Oil Company
One Shell Plaza, 910 Louisiana St., Room 4873
Houston, TX 77002-

RE: **Process Served in New York**

FOR: Shell Oil Company (Domestic State: DE)

RECEIVED
APR 0 3 2008
Legal Services US

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Geis Properties, LLC, Pltf. vs Shell Oil Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Complaint |
| COURT/AGENCY: | Westchester County Supreme Court, NY<br>Case # 6131/2008 |
| NATURE OF ACTION: | Property Damage Litigation - Claim for damages including investigatory and cleanup costs arising from petroleum contamination in the soil and free product gasoline floating on groundwater of the property leased by the Dft. from 1970's to approximately 1984 - Seeking Declaratory Relief |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/03/2008 postmarked on 03/31/2008 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after the service is complete |
| ATTORNEY(S) / SENDER(S): | Nolan E. Shanahan<br>Cole, Scholtz, Meizel, Forman & Leonard, P.A.<br>900 Third Avenue, 16th Floor<br>New York, NY 10022<br>212-752-8000 |
| REMARKS: | Papers were served on the New York State Secretary of State on 03/27/2008 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/03/2008, Expected Purge Date: 04/08/2008<br>Image SOP - Page(s): 15<br>Email Notification, Diane G Bowman DIANE.BOWMAN@SHELL.COM<br>Email Notification, Simon Bolanos simon.bolanos@shell.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-894-8940 |

Page 1 of 1 / RU

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Party Served:
SHELL OIL COMPANY

Plaintiff/Petitioner:
GEIS PROPERTIES, LLC

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 03/27/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations