Received: Jul 31 2008 01:36pm
ColeSchotzNJ 7/31/2008 1:30:29 PM PAGE 2/008 Fax Server



# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------

GEIS PROPERTIES, LLC,

        Plaintiff,

-against-

SHELL OIL COMPANY,

        Defendant.

------------------------------------

Civil Action No. 08 Civ. 3911 (CLB)(GAY)

**STIPULATED PROTECTIVE ORDER**



WHEREAS, it is anticipated that the parties shall be producing large volumes of documents during the discovery phase of this litigation; and

WHEREAS, it is anticipated that large portions of those documents will be regarded as proprietary and confidential by the party producing them; and

WHEREAS, among the documents in the possession of plaintiff Geis Properties, LLC ("Plaintiff" or "Geis") are documents relating to certain transactions between Geis and non-party Curry Auto Group ("Curry"); and

WHEREAS, the above-described documents are among the materials that Geis must produce as part of its Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A); and

WHEREAS, the above-described documents are also responsive to discovery requests made by defendant Shell Oil Company ("Shell"); and

WHEREAS, Geis and Curry desire to keep the above-described documents confidential; and

WHEREAS, it is anticipated that pleadings and discovery papers in this matter, may include reference to documents regarded as confidential and proprietary by the party producing them or otherwise refer to proprietary information; and

43380/0003-3110923v1

WHEREAS, Geis and Shell are agreed that no disclosure of such proprietary and confidential information, including the documents relating to transactions between Geis and Curry, should occur except as necessary for the purposes of this litigation; and

WHEREAS, the protection stipulated to by Geis, Shell and Curry is the most appropriate means for protecting the fairness of the judicial and discovery process; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as is contained here;

IT IS AGREED, by and among the undersigned counsel for Geis, Shell and Curry as follows:

1. This Order shall govern (i) all documents produced to any party in this action and (ii) all documents furnished to any party in this action prior to commencement of this action in an effort to settle it. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries of them.

2. All such documents shall, without the necessity of further designation, be treated as confidential during the pendency of this action. (Hereinafter all documents subject to this Order shall be referred to as "confidential documents.") Confidential documents shall be used by the parties solely for the purposes of this litigation and not for any other purpose. Control and distribution of all discovery material covered by this Order shall be the responsibility of the attorneys of record.

3. No party shall disclose confidential documents or information derived from such documents to any person except as provided in this Order. Confidential documents and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation:

(a) Counsel, whether or not employees of any party, representing any party in this litigation and their employees;

(b) Any person retained by counsel described in paragraph 3(a) to assist in the preparation and trial of this litigation, including experts and paralegals;

(c) Any director, officer, or employee of any party who is either required by such party or requested by counsel to work directly on this litigation, provided, however, that confidential documents and information shall be disclosed to the individual only to the extent necessary to perform such work;

(d) Any person of whom testimony is taken or is to be taken in this action, provided, however, that confidential documents and information can be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony and that such person not retain such confidential documents or information after his or her testimony is concluded;

(e) The author and addressees of the documents;

(f) The Court and any persons employed by it working on this litigation; and

(g) Deposition reporters.

4. Each person to whom disclosure of confidential documents and information is permitted by the parties pursuant to paragraphs 3(b) through (e) above shall be shown a copy of this Order and shall execute an acknowledgment in writing that he or she has received a copy of this Order and is familiar with the provisions of it and all such persons shall:

(a) Be bound thereby;

(b) Not use such document or information for any purpose other than in connection with the prosecution or defense of this action;

3

43380/0003-3110923v1

(c) Not reveal such document or information to any person other than a person who has received a copy of this Order and is subject to its provisions; and

(d) Upon termination of his or her connection with this action, return such document or information to the counsel who disclosed it in the first instance.

5. Portions of any discovery materials and any papers filed with the Court in this case which include or make reference to confidential documents, shall be considered as confidential documents governed by the terms of this Order.

6. Any party may designate (i) portions of any deposition in which it defended the witness and (ii) any discovery materials which it generates or any other papers which it files with the Court in this case, as confidential documents governed by the terms of this Order.

7. Pages of any document referred to in paragraphs 5 and 6 of this Order shall be stamped "confidential" or otherwise marked so as to establish that they are protected from disclosure pursuant to this Order.

8. The admissibility, confidentiality, and use of all confidential documents at trial shall be subject to further order of the Court.

9. Within 90 days of the conclusion of this matter as to all parties, each confidential document, including all copies of each document and all excerpts or summaries of them, shall be returned to the party that produced them or, at the request of the producing party, destroyed.

10. The inadvertent production of privileged or work product documents will not waive the attorney-client privilege or the attorney-work product privilege; provided, however, that this Order shall not prevent any party from moving to compel production of allegedly privileged or work product documents on any grounds other than the inadvertent production of such documents.

4

43380/0003-3110923v1

11. Upon a request from a party which has inadvertently produced any document which it believes may be subject to the attorney-client or attorney-work product privilege, any party receiving the document shall immediately return it to the producing party. Nothing in this Order shall prevent the discovering party from preparing a record for his or her own use containing the date, author, addresses, and topic of the document and such other information reasonably necessary to identify the document and describe its nature to the Court in any motion to compel the document's production. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of such a motion to compel in this matter.

12. Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

07/31/08  12:20 FAX 516 873 9032          BELLAVIA GENTILE & ASSOC                    ☒007

13. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

Dated: July 23, 2008
       New York, New York

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

By: _____
    Nolan E. Shanahan (NS-4598)
    Attorneys for Plaintiff
    Geis Properties, LLC
    900 Third Avenue
    16th Floor
    New York, New York 10022
    (212) 752-8000

EPSTEIN BECKER & GREEN, P.C.

By: _____
    Sheila A. Woolson (SW-7114)
    Attorneys for Defendant
    Shell Oil Company
    Two Gateway Center
    12th Floor
    Newark, New Jersey 07102-5003
    (973) 642-1900

BELLAVIA GENTILE & ASSOCIATES, LLP

By: _____
    John G. Gentile (JG-   )(566-7773)
    Attorneys for Non-Party
    Curry Auto Group
    200 Old County Road
    Suite 400
    Mineola, New York 11501
    (516) 873-3000

SO ORDERED:

_____  7/31/08
Hon. George A. Yanthis
United States Magistrate Judge

6

43380/0003-3110923v1